FILED '10 DEC 6 12:00USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BETH E. ROBERTS,

    Plaintiff,

  v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

    Defendant.

Civil No. 09-6306-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff brings this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the Commissioner's decision denying her application for disability insurance benefits and supplemental security income benefits under the Act. Upon review of the record and the parties' submissions, the decision of the Commissioner is reversed and remanded for further proceedings.

    On December 21, 2006, plaintiff protectively filed her

1 - OPINION AND ORDER

applications for benefits. Tr. 90-104. Her applications were denied initially and upon reconsideration, and plaintiff timely requested an administrative hearing. Tr. 53-62, 67-73. On March 12, 2009, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 21-48. On June 29, 2009, the ALJ issued a decision finding plaintiff able to perform other work in the economy, thus finding plaintiff not disabled within the meaning of the Act. Tr. 7-20. The Appeals Council denied plaintiff's request for review, and the ALJ's ruling became the final decision of the Commissioner. Tr. 1-3. Plaintiff now seeks judicial review.

At the time of the ALJ's decision, plaintiff was fifty-one years old with a college-level education and past relevant work as a mental health counselor. Tr. 18, 44, 119. Plaintiff alleges disability since January 2005 due to asthma, fibromyalgia, and various mental impairments, including anxiety and cognitive and attention deficits. Tr. 10, 112.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson

2 - OPINION AND ORDER

v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 12; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff had medical determinable impairments of fibromyalgia, post traumatic stress disorder, bipolar disorder, and a cognitive disorder not

3 - OPINION AND ORDER

otherwise specified, but that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 12-14; 20 C.F.R. §§ 404.1520(c)(d), 416.920(c),(d). Accordingly, the inquiry moved to step four.

At step four, the ALJ determined plaintiff's residual functional capacity (RFC) and found that plaintiff retained the RFC to perform light work that was limited to simple, repetitive tasks. Tr. 15, 44. Based on this assessment, the ALJ found that plaintiff could not perform her past relevant work as a mental health counselor. Tr. 18; 20 C.F.R. §§ 404.1520(f), 416.920(f).

At step five, the ALJ found that plaintiff was capable of performing other work that exists in the national economy, including work as an inspector and packager. Tr. 18; 20 C.F.R. §§ 404.1520(g), 416.920(g). Therefore, the ALJ found plaintiff not disabled under the meaning of the Act. Tr. 18-19.

## DISCUSSION

Plaintiff argues that the ALJ erred in the following respects: 1) failing to provide clear and convincing reasons to reject the opinion of Dr. Hume-Rodman, a treating physician; 2) failing to give clear and convincing reasons to reject plaintiff's subjective complaints; 3) failing to address the opinions of plaintiff's mental health counselors; and 4) failing to establish that plaintiff retains the capacity to perform other work.

4 - OPINION AND ORDER

I find no error in the ALJ's finding that many of plaintiff's subjective complaints - including scalp injuries from an automobile accident, knee problems, and various aches and pains - are not supported by or are inconsistent with medical findings, and that the frequency and changing nature of her complaints detract from her credibility. See, e.g., Tr. 199, 202 (no signs of scalp trauma after accident), 231, 245-46, 255-56; Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999) (an ALJ may look to the medical record for inconsistencies in evaluating a claimant's testimony).

Similarly, I find no error with the ALJ's consideration of Dr. Hume-Rodman's opinion and conclusions regarding plaintiff's exertional limitations, given that Dr. Hume-Rodman apparently relied on plaintiff's subjective complaints. Tr. 318, 322, 409, 415; Morgan, 169 F.3d at 602 ("A physician's opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted.") (internal quotation marks and citation omitted). Although plaintiff disagrees with the ALJ's assessment of medical evidence regarding her exertional limitations, "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004).

5 - OPINION AND ORDER

However, I agree that the ALJ's assessment of plaintiff's mental limitations and her ability to do other work is not supported by substantial evidence in the record, given the medical and lay opinion evidence of record. For example, while Dr. Redner, an examining neuropsychologist, found no evidence of "significant cognitive impairment," Dr. Redner noted possible attention deficit symptoms and "strongly recommended" continued psychiatric and mental health treatment for plaintiff. Tr. 192-93. Dr. Redman further remarked that plaintiff's "anxiety, depression and trauma" would be her "greatest barriers to work." Tr. 193.

Dr. Vandiver, a treating physician, found plaintiff to be "verbal, bright, and engaging" when not "engaged in that dissociative fog that she can get into," and he thought that plaintiff had a "psychological deficit rather than a neuroanatomical one." Tr. 277-78. Dr. Vandiver recommended further investigation into the "possibility of focal cognitive deficits." Tr. 277; see also Tr. 269, 271-72.

Dr. Piercey, a treating neurologist, opined that an MRI of plaintiff's brain evidenced chronic front subdural hematomas that "could explain a significant loss in cognitive abilities and increased emotional problems." Tr. 249; see also Tr. 220, 253, 345-46. Dr. Piercey noted plaintiff's history of previous psychiatric issues and recommended additional psychiatric or psychological testing: "I do think that repeating neuropsychiatric

6 - OPINION AND ORDER

testing would be helpful in this patient, now that additional information (the MRI) has been obtained and in addition to assess for any progression." Tr. 340. Dr. Piercey also recommended "behavioral health intervention to address [plaintiff's] anxiety and coping strategies." Tr. 340. Like Drs. Vandiver and Piercey, Dr. Hume-Rodman also believed further neurological or psychiatric testing would be beneficial. Tr. 324.

Additionally, Dr. Smolen, an examining psychiatrist, diagnosed plaintiff with bipolar disorder, cognitive disorder, and rule out dissociative disorder. Tr. 392.

Finally, plaintiff's mental health counselors Gary Bredeweg and Lance Weinberg believed plaintiff unable to sustain full-time employment, due to her mental health issues, including anxiety and attention deficit issues. Tr. 265, 493. Notably, the ALJ did not address Mr. Weinberg's opinion or give germane reasons for rejecting it. Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1055-56 (9th Cir. 2006). I do not find the failure to address Mr. Weinberg harmless in light of the evidence discussed above.

Instead, I find that outstanding issues must be resolved before a determination of disability can be made. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). Even though plaintiff apparently refused additional neuropsychiatric or psychological testing recommended by her doctors, the ALJ has a duty to develop the record, particularly where treating physicians recommend

7 - OPINION AND ORDER

further testing and the evidence is ambiguous as to the extent of plaintiff's mental limitations. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry."); see also Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) ("In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel.").

Accordingly, the case is remanded for further proceedings to determine the extent of plaintiff's mental and/or psychological limitations, and to further develop the record as necessary.

## CONCLUSION

The ALJ's conclusion that plaintiff is not disabled under the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings consistent with this opinion. IT IS SO ORDERED.

DATED this 3RD day of December, 2010.

_____
Ann Aiken
United States District Judge

8 - OPINION AND ORDER